LOUIS DARMAN *vs.* CHARLES K. ZILCH.

JULY 6, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is an action on the case for negligence. Following a hearing before a justice of the superior court, sitting without a jury, which the defendant contends was in effect a final hearing on the merits, the trial justice rendered a decision for the defendant.   The case is before us on plaintiff's exception to that decision.

The plaintiff was the owner of an automobile which collided with a truck of Joseph E. Gervais at a street intersection in the city of Woonsocket on March 26, 1934.   The defendant was employed by the plaintiff as his chauffeur. At the time in question, the automobile, in which the plaintiff was riding in the rear seat as a passenger, was under the defendant's care and control.   The plaintiff brought this action to recover damages for injuries alleged to have been suffered by him as a result of the collision.   That the plaintiff was not prevented from maintaining such an action by the fact that the defendant was acting as the plaintiff's chauffeur at the time of the collision was determined by us in *Darman* v. *Zilch,* 56 R. I. 413.

The situation that developed early in the hearing on the exception under consideration makes it necessary to refer to the prior case of *Darman* v. *Gervais,* which never reached this court.   However, the travel of that case appears in the record of the instant case and shows that this plaintiff sued Gervais in an action of trespass on the case for negligence. That case was tried before a justice of the superior court, sitting with a jury, and resulted in a verdict for the defend-

ant. The plaintiff's motion for a new trial was heard and denied. No bill of exceptions being prosecuted by the plaintiff, judgment was entered for the defendant. The plaintiff thereafter brought this action against the present defendant.

A case which is tried on its merits does not ordinarily present a question of pleading, for it is a fundamental rule with us that the parties must join issue on all questions in the case before such a trial can be had. Orderly procedure demands uniformity of practice, and further, that, except in rare instances which are not of concern now, a case should not be brought to this court piecemeal.

In order to make clear the contentions that the defendant urges upon us, it is necessary to set out the pleadings in the case, together with the rulings of the superior court thereon and a stipulation of the parties in reference thereto. The declaration alleges, as grounds of negligence, that the defendant did not have proper control of the automobile; that he drove at an excessive speed; and that he disregarded an overhead traffic signal light at the intersection.

To this declaration, the defendant filed a plea of the general issue and five special pleas in bar, which in substance set up the defense that the plaintiff's position in this case is contrary to and inconsistent with the position that he took respecting the conduct of his chauffeur, the present defendant, in the case of *Darman* v. *Gervais, supra*. The fourth special plea sets up in bar that the plaintiff, in his previous action against Gervais, took the position throughout the case that the now defendant Zilch was in the exercise of due care at the time of the accident.

The plaintiff demurred to each of these special pleas in bar, and also moved that they be stricken from the record. The grounds of both the demurrers and of the motions to strike out were the same, namely, that the special pleas did not constitute a defense in law; that they set up irrelevant

and immaterial matter, and that they were vague, indefinite and uncertain.

Following a hearing on the issues thus raised, the justice who heard these matters filed a rescript in which he denied the plaintiff's motion to strike out the five pleas, and overruled the demurrers to the first, second, third and fourth pleas, but sustained the demurrer to the fifth plea.

The plaintiff thereafter filed a replication in traverse to the fourth plea and replications to the first, second and third pleas, in each of which he sets up new matter. The defendant then filed "a motion to strike out" the replications to the first, second and third pleas and also a demurrer to said replications. The trial justice granted the motion to strike out these replications without disposing of the demurrer. Under such circumstances the issues presented by these pleas were never closed.

Among the papers in the case we find the following stipulation, signed by the attorneys of the parties. "In the above entitled cause it is hereby stipulated that the defendant may withdraw his plea of the general issue so that the trial of this cause may be upon the issue raised by the defendant's special plea to which the plaintiff filed a replication traversing the same. It is further stipulated that *the withdrawal of the plea of the general issue* of the defendant as above provided *shall be without prejudice* to the right of the defendant at any later state of this cause to file another plea of the general issue." (italics ours). This extraordinary stipulation, which is a violent departure from our practice in pleading, is not dated; and, for some reason unknown to us, it is not file-marked by the clerk of the superior court, as is our custom respecting papers regularly filed in a case; nor does it bear the signature of any justice of that court approving the same; nor is any mention made of it by the clerk on the jacket of the case.

With the record in this state, a hearing was had in the superior court on the issue raised by the fourth plea, which is the plea referred to in the above-quoted stipulation. We make no reference to or pass any comment upon the evidence that was adduced at that time in view of the turn that this case took at the hearing before us.

Following the hearing in the superior court, the trial justice filed a rescript which begins: "Heard on the defendant's fourth special plea", and ends: "The fourth plea is sustained. Decision for the defendant." Since the stipulation permitting the defendant to withdraw, without prejudice, his plea of the general issue with the right in him to file another such plea "at any later state of this cause", while among the papers in the case, is not truly a matter of record, it is reasonable to infer from the quoted language of the rescript that the trial justice probably assumed that the defendant rested his entire defense as to liability on the strength of his fourth plea. On this ground alone can we explain the situation that revealed itself to us shortly after the plaintiff began to argue his exception in this court.

As soon as this court became aware of the real situation existing in this case, it inquired of counsel for the defendant whether he considered that the case, under our practice, was properly before this court, in view of the situation that it was still open for the defendant to file a plea of the general issue, according to the stipulation, and that issue had not been joined on defendant's first, second and third pleas. After some argument it was agreed by the parties in open court that the first, second and third pleas were expressly waived.

Counsel for the defendant then strenuously argued that the decision of the trial justice on the fourth plea was a final decision on the merits warranting a review by this court. On being asked directly if he was willing to close the plead-

ings by waiving his right, if any he had in the circumstances, to file a plea of the general issue under the stipulation, and rely solely on his fourth plea in so far as the question of the defendant's liability was concerned, his answer in substance was that, in case the decision of the trial justice on the defendant's fourth plea was not sustained by this court, he certainly intended to claim the benefit of the stipulation between the parties. Finally he asked for an opportunity to file a brief in support of his contention, which we granted. Thus, the real issue in a case apparently here on its merits became one that seriously concerns orderly procedure.

The brief which defendant's counsel later filed and argued to us does not change our view that the proceedings in this case are indefensible under our practice. His first contention is that this "Court has no power or jurisdiction to go outside the bill (of exceptions) in looking for errors below." Again, he says: "We submit that this Court has no right to notice error in the withdrawal of the general issue and the trial of only the plea in bar subject to reservation of leave to replead, since that error, if any, has not been presented for review in this bill of exceptions." We cannot agree with the defendant that this court is bound blindly to accept a bill of exceptions when the record itself discloses an apparently intentional departure from our settled practice regarding pleading and the prosecution of bills of exceptions. Under these circumstances we deem it our duty to protect our settled practice against unwarranted innovations.

In this case the parties agreed by stipulation, without the written approval of the court, to a procedure that is foreign to our practice. In his brief the defendant says that the trial justice "gave his full approval to the stipulation." As we have already said, the record is absolutely silent on this point.

The defendant argues that the instant case is governed by that line of decisions which deal with the sustaining of a

substantial demurrer by the superior court. We do not agree with him. In those cases the sole question before the court was strictly one of law, while here it is a question of fact or possibly of mixed law and fact. The defendant's fourth plea, upon which a hearing was had in the superior court, required testimony for its determination, and testimony was in fact produced by the defendant in support of that plea. Furthermore, he himself insists that the decision following that hearing was a final decision on the merits.

The defendant relies strongly on the case of *Ewell* v. *Cardinal*, 53 R. I. 469, as an authority for his contention in the instant case. He points out that in that case there was a plea of the general issue and a special plea, and that this court entertained the plaintiff's exception to the overruling of his demurrer to the special plea without a decision on the plea of the general issue. But the defendant here glosses over a controlling factor in that case, which brought it in line with our decided cases dealing with a substantial demurrer.

Following the decision by the trial justice overruling the demurrer to the special plea, the plaintiff, in the *Ewell* case, requested the court to enter judgment, intending to say "decision," for the defendant, which was done. This constituted a waiver by the defendant of his plea of the general issue, thereby closing all issues in the case, except the one raised by a substantial demurrer to the special plea. At page 470 of the opinion in the *Ewell* case, this court says: "When plaintiff's demurrer to the special plea was overruled, he could not bring the case to this court on exception to this ruling because it was not a final decision upon the merits. *McDonald, Admx.* v. *Providence Tel Co.*, 27 R. I. 595; *Troy* v. *Providence Journal Co.*, 43 R. I. 22; *Fudim* v. *Kane*, 47 R. I. 357; *Gratton* v. *Harwood*, 53 R. I. 94.

"Plaintiff evidently considered that the right to maintain his action depended upon the legal effect of the facts alleged

in defendant's special plea. To get a review of the decision overruling his demurrer to this plea it was necessary to have a final decision of the case in the Superior Court. To accomplish this purpose plaintiff's attorney inadvertently requested the court to enter 'judgment' instead of 'decision' for the defendant upon the pleadings."

In the instant case the defendant might possibly have placed himself in a similar position had he waived his plea of the general issue and rested his case in the superior court, or even in this court when he was given an opportunity to do so, solely on the legal effect of his fourth plea in bar. But he insisted on retaining whatever benefit accrued to him under the above-quoted stipulation with opposing counsel. That stipulation in effect is nothing more than a private arrangement between counsel, which was admittedly entered into by them as a "short cut". Expediency is no excuse for thus importing innovations into a settled practice that has obtained over the years.

The defendant further argues that "if there were any imperfection or defect in proceeding to trial on the fourth plea after withdrawal of the plea of the general issue without prejudice, it was a defect in form only" and that under G. L. 1923, chap. 335, sec. 3, (G. L. 1938, ch. 519, §1) the proceedings in this case should not be arrested or reversed by this court for mere want of form. This argument is specious. No question of want of form is involved in this case. The issue before us is clearly one of substance and vitally affects our practice with reference to what determinations of the trial court will be reviewed here.

The next contention that the defendant seriously argues is that the procedure in this case is in compliance with the provision of G. L. 1923, chap. 323, sec. 11 (G. L. 1938, ch. 496, §11), which reads as follows: "Any civil cause or any question of law or fact therein, . . . may, by consent of the parties and with the approval of the court, be tried and

determined in any county." In his brief, as well as in argument, the defendant interprets this section as giving "the Superior Court power and jurisdiction to try and determine any civil cause or any question of law or fact therein, provided that it be with the consent of the parties and with the approval of the Court."

The section of the statute above quoted does not submit to the broad interpretation which the defendant advances, and, even if such interpretation were possible, it is inapplicable in the circumstances of this case. Chapter 323, of which sec. 11 is a part, creates a superior court and defines its jurisdiction and powers. General laws 1923, chap. 325, (G. L. 1938, ch. 498) provides for sessions of the superior court in the various counties at certain specified times, except that for the counties of Providence and Bristol, which are combined, the superior court shall be continuously in session during the court year. General laws 1923, chap. 333, sec. 2 (G. L. 1938, ch. 511, §2) provides that an action in the superior court "shall be brought in the court for the county . . . in which some one of the plaintiffs or defendants shall dwell, or in the superior court for the county . . . in which the defendant or some of the defendants shall be found . . . ."

Keeping all these statutes in mind, which the defendant here apparently has failed to do, it is clear to us that the object of G. L. 1923, chap. 323, sec. 11, upon which he relies, is to permit the transfer of a civil case from one county to another, especially when the superior court may not be in session in a given county, for the more expeditious disposition of litigation, provided the questions at issue and to be determined are properly raised according to law. It is not the purpose of the statute to allow the parties to fix the issues by private agreement in utter disregard of established practice.

The defendant finally takes the position that, under our decision in *Wilbur* v. *Gross*, 55 R. I. 473, this court should not, in any event, enter judgment for the plaintiff on the question of liability and remit the case to the superior court for the assessment of damages only, but that it should remit the case to that court for a new trial on both questions. In this instance he misconstrues the *Wilbur* case. The decision in that case, which concerned the interpretation of a statute in reference to damage by dogs, changed the rule that had been followed theretofore. But, the plaintiff there had conformed to the rule that had previously prevailed, and, after a hearing on an order to show cause why the case should not be remitted with direction to enter judgment for the defendant, this court felt that, in justice, the plaintiff was entitled to a new trial, and it so held in *Wilbur* v. *Gross*, 56 R. I. 65.

In the instant case the situation is entirely different, for here well-established practice was apparently intentionally disregarded by the parties in the manner and for the purposes that we have already indicated. In the circumstances, the defendant might well be apprehensive of an adverse and final decision from this court on the question of liability were it to entertain the plaintiff's bill of exceptions and find that it could not sustain the decision of the trial justice. But, realizing that the situation confronting us was probably due to excessive but well-intentioned zeal, we are inclined to considerable liberality in this instance, with no assurance that a similar situation will not be dealt with differently in the future.

In our opinion, the decision of the trial justice in this case was not a final decision on the merits within the scope of our statute and decided cases. All the pleadings in a case, whatever their form, must be closed *conformably to law* before there can be a final decision on the merits sufficient to support a bill of exceptions.

For the reasons stated, the bill of exceptions is dismissed without prejudice. The case is remitted to the superior court for further proceedings.

*Morris E. Yaraus, John R. Higgins, Irving Zimmerman,* for plaintiff.

*Benjamin F. Lindemuth, John W. Baker,* for defendant.